Henry B. LaTorraca, State Bar No. 71607
**LAW OFFICE OF HENRY B. LaTORRACA**
400 Oceangate, Suite 700
Long Beach, California 90802-4306
Tel: (562) 216-2942 | Fax: (562) 216-2943
henryb@latorraca.com

Attorneys for Plaintiff and Counterclaim Defendant
Netecs Corporation, a California corporation; and
Counterclaim Defendants Jeffery Tooley and Chris
Tooley

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

## GEORGE E. BROWN, JR. COURTHOUSE (RIVERSIDE)

| | |
|---|---|
| **NETECS CORPORATION**, a California corporation,<br><br>Plaintiff<br><br>v.<br><br>**DAMON McCLURE,** a natural person, and<br><br>**DOES 1 through 100**, inclusive;<br><br>Defendants | Case No.  5:16-cv-02452 JGB (KKx)<br><br>Assigned to Hon.  Jesus G. Bernal<br><br>Courtroom "1"<br><br>**REVISED FIRST AMENDED STIPULATED PROTECTIVE ORDER**<br><br>Complaint filed:      October 31, 2016<br>Counterclaim filed:   December 6, 2016<br><br>Trial Date:        Not set<br>Pre-Trial Conf.:  Not set |
| **DAMON McCLURE**, a natural person,<br><br>Counterclaimant,<br><br>v.<br><br>**NETECS CORPORATION**, a California corporation,<br><br>**JEFFREY TOOLEY**, a natural person, and<br><br>**CHRIS TOOLEY**, a natural person,<br><br>Counterclaim Defendants | |

**LAW OFFICE OF HENRY B. LA TORRACA**
400 Oceangate, Suite 700
Long Beach, CA 90802-4306
(562) 216-2942

00040778.DOC                                1
**REVISED FIRST AMENDED STIPULATED PROTECTIVE ORDER**

LAW OFFICE OF HENRY B. LA TORRACA
400 Oceangate, Suite 700
Long Beach, CA 90802-4306
(562) 216-2942

Counterclaim Defendants Netecs Corporation, a California corporation, Jeffery Tooley, and Chris Tooley on the one hand, and on the other hand, Defendant and Counterclaimant Damon McClure hereby submit this Revised First Amended Stipulated Protective Order <u>to include the designation of material marked as</u> <u>"HIGHLY - ATTORNEYS' EYES ONLY"</u> as follows:

**GOOD CAUSE STATEMENT**

1. This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.

**As to the parties to this action and non-parties, the following is defined as Protected Information for the purpose of this Order:**

**Confidential trade secrets and confidential proprietary information; confidential Documents and data regarding customers and potential customers, including, but not limited to, their identity, contact information, communications with them regarding goods and services, pricing, sources, and availability of and sources of such goods and services, and confidential "leads" for the sale of goods or services to existing or potential customers; confidential sales information; confidential quotes, invoices, and contracts with existing and/or potential customers; confidential generation, distribution, and use of confidential customer information; confidential information regarding vendors and vendors' pricing; confidential organization, operations, and business strategy of a business; confidential or proprietary business or financial information, confidential or proprietary research, development, commercial, technical, and/or resources of a business; confidential business or financial information,**

**information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public; information that may not be disclosed to the other party per contract; information protected by a right of privacy; information protected from disclosure by reason of a privilege; and information protected from disclosure under state or federal statutes, court rules, case decisions, or common law**.

The Parties consider the aforementioned Protected Information to be proprietary, confidential, commercially sensitive, and/or private. Accordingly, to expedite the flow of Protected Information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect Protected Information the parties and non-parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  To address these concerns and avoid lengthy and expensive litigation over the issue, the Parties agree that a mutually agreeable protective order will speed the discovery and litigation processes. Therefore, the Parties believe good cause exists for designating such information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," as defined in Paragraphs 6 and 7 below.  It is the intent of the parties that information will not be designated as CONFIDENTIAL or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" for tactical reasons and that nothing be so designated without a good faith belief that it is Protected Information which

1   has been maintained in a confidential, non-public manner, and there is good cause

2   why it should not be part of the public record of this case.

3        2.  Plaintiff Netecs Corporation has filed this action alleging unlawful

4   practices by Defendant in intentionally damaging its electronic database and

5   misappropriating its trade secrets consisting of data regarding its customers,

6   potential customers, commission structure, vendors, especially involving the use of

7   customer information and "leads," which are information developed by Plaintiff

8   indicating a prospective purchaser and or a particular product or service.  To support

9   to Plaintiff's claims, it intend to produce various documents and tangible things in

10  its possession, custody, and/or control, including documents relating to the

11  generation and distribution of leads generally, specific leads, sales information,

12  financial information, commission structures, and confidential contracts with its

13  customers.  Some of the aforementioned information is proprietary, commercially

14  sensitive, and private, and would result in competitive harm to Plaintiff if disclosed

15  at any time.  The foregoing is not a limitation of Protected Information defined

16  above.

17       3.  Similarly, in response to Plaintiff's discovery requests, Defendant will

18  produce certain documents and tangible things in his possession, custody, and/or

19  control including those relating to his generation and distribution of leads generally,

20  specific leads, sales information, financial information, commission structures, and

21  confidential contracts with his customers.  Some of the aforementioned information

22  is proprietary, commercially sensitive, and private, and would result in competitive

23  harm to Defendant if disclosed at any time.  The foregoing is not a limitation of

24  Protected Information defined above.

25  **PURPOSES AND LIMITATIONS**

26       4.  Disclosures, court filings, and discovery activity in this action are likely to

27  involve production of confidential, privileged, proprietary, trade secret, or private

28  information for which special protection from public disclosure and from use for

LAW OFFICE OF HENRY B. LA TORRACA
400 Oceangate, Suite 700
Long Beach, CA 90802-4306
(562) 216-2942

00040778.DOC                                    4

any purpose other than prosecuting this litigation would be warranted.  This Order does not confer blanket protection on all disclosures or responses to discovery and the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as Protected Information.

(a) <u>Exercise of restraint and care in designating Protected Information</u>. Each party or non-party that designates Protected Information under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

(b) <u>Mass, indiscriminate, or routine designations are prohibited</u>. Designations should be justified and not made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties).  If it comes to a party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

(c) <u>Filing Under Seal</u>.  The parties further acknowledge, as set forth below, that this Revised First Amended Stipulated Protective Order does not entitle them to file Protected Information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

The Parties and non-parties will endeavor to file, when possible, redacted versions of documents containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" designations, rather than seeking to file the entire document under seal.

LAW OFFICE OF HENRY B. LA TORRACA
400 Oceangate, Suite 700
Long Beach, CA 90802-4306
(562) 216-2942

## DESIGNATION OF PROTECTED INFORMATION

5.  Parties and non- parties may designate any Document, including discovery responses, deposition testimony, documents obtained by inspection of files or facilities or by production of documents, or any portion of any Document, as well as any Transcript and exhibits thereto, produced or filed in this proceeding, as "CONFIDENTIAL" as long as the Document contains "CONFIDENTIAL" Protected Information specified  in Paragraph 6 below, or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," Protected Information specified in Paragraph 7 below.

(a) "Document" shall include any papers, transcripts, tapes, documents, disks, diskettes, CDs and DVDs, video or audio files, physical or electronic or digital copies or recordings, and other tangible things produced by any person in connection with this litigation, and shall include, without limitation, all original written, recorded (sound or video) or graphic matters and all identical or non-identical copies thereof.

(b) "Transcript" shall mean any stenographic or verbatim recording of an interview, sworn statement, deposition, or hearing.

6.  For purposes of this Revised First Amended Stipulated Protective Order, a party or non-party may designate Protected Information as "CONFIDENTIAL" if the designating party or non-party reasonably believes the Protected Information contains or discloses any information within the meaning of the definition of "Protected Information" in paragraph 1,  consistent with Federal Rule of Civil Procedure 26(c)(1)(G).

7.  For purposes of this Revised First Amended Stipulated Protective Order, a party or non-party may only designate Protected Information as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" if the designating party or non-party reasonably believes the Protected Information contains or discloses any information within the meaning of the definition of "Protected Information" defined

LAW OFFICE OF HENRY B. LA TORRACA
400 Oceangate, Suite 700
Long Beach, CA 90802-4306
(562) 216-2942

in paragraph 1 above <u>and</u>  the designating party or non-party believes, in good faith, the disclosure of the information is likely to cause harm to the competitive position of the designating party or non-party holding proprietary rights thereto.

8.  For purposes of this Revised First Amended Stipulated Protective Order, Protected Information, defined in Paragraph 1, is either designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

9. Protected Information shall be used only for the purpose of litigation of this action and shall not be used for any other purpose whatsoever.

## PERSONS TO WHOM PROTECTED INFORMATION MAY BE DISCLOSED

10.  The terms of this protective order do not apply to the Court and court personnel, who are subject only to the Court's internal procedures regarding the handling of material filed or lodged, including material filed or lodged under seal.  No provision or language in this agreement should be interpreted as imposing any terms on the Court or court personnel.

11.  Protected Information designated as "CONFIDENTIAL" may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to Qualified Persons.  For purposes of this Revised First Amended Stipulated Protective Order, "Qualified Persons" shall mean the following:

(a) Counsel for any party hereto, including in-house counsel, and all partners, associates or of-counsel attorneys of counsel's law firm and all paralegal assistants, stenographic and clerical employees thereof when operating under the direct supervision of such partners, associates or of-counsel attorneys.

LAW OFFICE OF HENRY B. LA TORRACA
400 Oceangate, Suite 700
Long Beach, CA 90802-4306
(562) 216-2942

(b) Court and Mediator personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to the preparation for trial and/or trial of this action.

(c) Any party to this action, including but not limited to any partner, employee or representative thereof.

(d) Persons noticed for depositions or designated as trial witnesses, or those whom counsel of record in good faith expect to testify at trial or deposition, only to the extent reasonably necessary in preparing to testify and who have, prior to the disclosure, signed the statement attached hereto as Exhibit "A" attesting to the fact that they have reviewed and agreed to be bound by the provisions of this Revised First Amended Stipulated Protective Order.  Such persons shall not be permitted to make copies of or otherwise have copies or duplicates of any documents or information designated as "CONFIDENTIAL."

(e) Persons whose depositions are being taken in this action, who have, prior to the commencement of their deposition, signed the statement attached hereto as Exhibit "A" (which is to be made part of the official transcript of that deposition) attesting to the fact that they have reviewed and agreed to be bound by the provisions of this Revised First Amended Stipulated Protective Order.  In the event a deponent does not sign Exhibit "A" prior to the commencement of his or her deposition, no information designated as "CONFIDENTIAL" shall be shown to the deponent and his or her deposition shall not be considered complete until the deposing party has an opportunity to raise the issue with the Court.

(f) Independent experts or consultants (not regularly employed by or otherwise associated with a party) who are retained to assist in the handling of this action to furnish technical or expert advice or to give expert testimony at trial, only to the extent that the information is pertinent to the expert's or consultant's opinions, provided that disclosure of Protected Information to such experts or consultants shall be made only on the following conditions:

LAW OFFICE OF HENRY B. LA TORRACA
400 Oceangate, Suite 700
Long Beach, CA 90802-4306
(562) 216-2942

LAW OFFICE OF HENRY B. LA TORRACA
400 Oceangate, Suite 700
Long Beach, CA 90802-4306
(562) 216-2942

i. Prior to any Protected Information being disclosed to any expert or consultant, counsel of record shall be required to obtain from said expert or consultant a signed statement, in the form of Exhibit "A" attached hereto (which shall be maintained by counsel of record for that party), attesting to the fact that the expert or consultant has reviewed and agreed to be bound by the provisions of this Revised First Amended Stipulated Protective Order.

ii. In the event a consulting expert becomes a testifying expert, a copy of the expert's executed statement in the form of Exhibit "A" must be provided to opposing counsel in advance of the expert testifying at deposition or trial.

(g) Outside copy and litigation support vendors who have, prior to the disclosure of such information, signed the statement attached hereto as Exhibit "A."

12. The parties agree to meet and confer in good faith on how to proceed if a party wishes to use a Document or other evidence designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or the Protected Information in such Document or other evidence so designated for purposes of a deposition or witness preparation.  Barring agreement, the Document or other evidence designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, and the Protected Information in such Document or other evidence so designated, may not be used without a court order.

Protected Information designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a) Counsel for any party hereto, including in-house counsel, and all partners, associates or of-counsel attorneys of counsel's law firm and all paralegal assistants, stenographic and clerical employees thereof when

operating under the direct supervision of such partners, associates or of-counsel attorneys.

(b) Court and Mediator personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to the preparation for trial and/or trial of this action.

(c) Independent experts or consultants (not regularly employed by or otherwise associated with a party) who are retained to assist in the handling of this action to furnish technical or expert advice or to give expert testimony at trial, only to the extent that the information is pertinent to the expert's or consultant's opinions, provided that disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information to such experts or consultants shall be made only on the following conditions:

i. Prior to any "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information being disclosed to any expert or consultant, counsel of record shall be required to obtain from said expert or consultant a signed statement, in the form of Exhibit "A" attached hereto (which shall be maintained by counsel of record for that party), attesting to the fact that the expert or consultant has reviewed and agreed to be bound by the provisions of this Revised First Amended Stipulated Protective Order.

ii. In the event a consulting expert becomes a testifying expert, a copy of the expert's executed statement in the form of Exhibit "A" must be provided to opposing counsel in advance of the expert testifying at deposition or trial.

(d) The author of the document and any authorized recipient of such document in the ordinary course of business.

(e) Outside copy and litigation support vendors who have, prior to the disclosure of such information, signed the statement attached hereto as Exhibit "A."

LAW OFFICE OF HENRY B. LA TORRACA
400 Oceangate, Suite 700
Long Beach, CA 90802-4306
(562) 216-2942

1    (f) Any other person agreed to in writing by the designating Party or

2    allowed through Court Order, who has, prior to the disclosure of such

3    information, signed the statement attached hereto as Exhibit "A."

4    13.  A copy of any signed Exhibit "A" shall be provided by the

5    receiving party's counsel to the designating party's counsel, with the

6    exception of those noted in paragraphs 11(f)(i) and 12(c)(i) of this Order.

7    **<u>METHOD OF DESIGNATING PROTECTED INFORMATION</u>**

8    14.  The party or third party seeking protection may designate Protected

9    Information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -

10   ATTORNEYS' EYES ONLY" by placing or affixing to each designated page

11   of the Document or Transcript, prior to production, the notation

12   "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL - ATTORNEYS'

13   EYES ONLY," respectively.  Such designation shall constitute a

14   representation by counsel for the party or non- party making the designation

15   that the Document or the Transcript, or any portion thereof so designated,

16   constitutes "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL -

17   ATTORNEYS' EYES ONLY" information as defined in paragraphs 6 and 7,

18   respectively, of this Revised First Amended Stipulated Protective Order.

19   (a) An inadvertent failure to designate an item as "CONFIDENTIAL"

20   or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall not be

21   deemed a waiver of the rights afforded by this Revised First Amended

22   Stipulated Protective Order.  A party or third party that inadvertently fails to

23   mark an item as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -

24   ATTORNEYS' EYES ONLY" at the time of production may thereafter

25   inform the other Parties of the error and designate the item

26   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

27   ONLY" at that time.  Such designation and notice thereof shall be made in

28   writing, accompanied by substitute copies of any documents appropriately

**LAW OFFICE OF HENRY B. LA TORRACA**
400 Oceangate, Suite 700
Long Beach, CA 90802-4306
(562) 216-2942

1   marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS'
2   EYES ONLY."

3         (b) Upon receipt of the substitute copies, the receiving party shall treat the
4   item according to its designation until further written agreement of the parties or
5   order of the Court.  Within five (5) days of receipt of the substitute copies, the
6   receiving party shall return or destroy the previous unmarked items and all copies
7   thereof, and/or shall destroy any items or copies thereof containing notes of counsel
8   for the receiving party. In addition, the receiving party shall make reasonable efforts
9   to recover all non-designated versions of any Document and to notify all receivers
10  of the non-designated versions of the Document.  Provided the receiving party and
11  its counsel act in good faith to secure compliance with the terms of this Protective
12  Order, the receiving party and its counsel shall incur no liability for disclosures
13  made prior to notice of such designation.  The designating party may request in
14  writing, and the receiving party shall within ten (10) days of such a request provide
15  in writing, an identification of all persons not qualified under this Protective Order
16  who have received "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -
17  ATTORNEYS' EYES ONLY" Protected Information prior to the time it was so
18  designated.

19        (c) All items produced prior to the filing and entry of this Revised First
20  Amended Stipulated Protective Order may be designated as "CONFIDENTIAL" or
21  "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" within fifteen (15)
22  days of the filing and entry.

23        15.  If a party wishes to designate testimony or an exhibit as
24  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES
25  ONLY" during the course of a deposition in this action, it shall do so by stating such
26  designation on the record.  Counsel for the party designating the testimony or
27  exhibit as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS'
28  EYES ONLY" shall make reasonable arrangements to have only the persons

**REVISED FIRST AMENDED STIPULATED PROTECTIVE ORDER**

LAW OFFICE OF HENRY B. LA TORRACA
400 Oceangate, Suite 700
Long Beach, CA 90802-4306
(562) 216-2942

designated in paragraphs 11 and 12 above, respectively, present during the testimony containing Protected Information and/or presentation, quotation or reference to the exhibit containing Protected Information.  In addition, after a deposition, counsel for any party or non-party may designate a deposition as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" by serving upon counsel for each party a written list of the specific portions as to which such status is claimed.  Such written list must be served within ten (10) business days after transmittal to counsel of the transcript of such testimony.

16.  When Protected Information designated as "CONFIDENTIAL" is incorporated into a Transcript of a deposition, arrangements shall be made by the designating Party's counsel with the attending reporter to label "CONFIDENTIAL" those portions of the Transcript containing such information and only those portions containing such information. Such designated portions of the Transcripts (and all copies thereof) shall be separately bound by the court reporter and shall thereafter be subject to the same provisions herein as applied to any other "CONFIDENTIAL" Protected Information.

17.  When "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Protected Information is incorporated into a Transcript of a deposition, arrangements shall be made by the designating Party's counsel with the attending reporter to label "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" those portions of the Transcript containing such information and only those portions containing such information. Such designated portions of the Transcript (and all copies thereof) shall be separately bound by the court reporter and shall thereafter be subject to the same provisions herein as apply to any other "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information.

LAW OFFICE OF HENRY B. LA TORRACA
400 Oceangate, Suite 700
Long Beach, CA 90802-4306
(562) 216-2942

LAW OFFICE OF HENRY B. LA TORRACA
400 Oceangate, Suite 700
Long Beach, CA 90802-4306
(562) 216-2942

**TREATMENT OF PROTECTED INFORMATION**

18.  The substance or content of Protected Information, as well as all notes and memoranda relating thereto, shall not be disclosed to anyone other than the persons designated in paragraphs 11 and 12 above, respectively, either during the pendency of this action, or subsequent to its final determination. The Parties and their counsel shall take reasonable precautions to ensure that no unauthorized disclosure of Protected Information occurs.  Nothing in this Revised First Amended Stipulated Protective Order shall prevent any producing party from using or disclosing its own "CONFIDENTIAL Protected Information" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Protected Information.

19.  If a Party seeks to include or reference any Protected Information in any filings with the Court, the Party must first comply with the procedures and requirements for filing under seal set forth in Civil Local Rule 79-5 of the United States District Court for the Central District of California.  No Party shall file any documents with Protected Information without complying with these procedures and requirements for filing under seal.

20.  In the event that this matter proceeds to trial, if any Party seeks to introduce Protected Information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," the Parties shall meet and confer regarding whether and, if so, in what manner such information can be used and presented at trial.  Any use of Protected Information at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Information at trial.

21.  Upon the final determination of this action (and all appeals and writs), whether by final non-appealable judgment, settlement, or otherwise:

(a) The Court and court personnel will continue to be subject only to the Court's internal procedures regarding the handling of material filed or lodged, including material filed or lodged under seal.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICE OF HENRY B. LA TORRACA
400 Oceangate, Suite 700
Long Beach, CA 90802-4306
(562) 216-2942

(b) The terms of this Revised First Amended Stipulated Protective Order shall be binding in perpetuity on all persons designated in paragraphs 11 and 12, and all obligations and duties arising under this Revised First Amended Stipulated Protective Order shall survive the termination of this action;

(c) Counsel of record for each party receiving Protected Information shall, upon written request by the party that produced the Protected Information, either assemble and return to the disclosing party all Documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or shall assemble and destroy all Documents so designated, including all summaries or other material containing or disclosing Protected Information, the destruction of which shall be confirmed in writing to the party that produced the Protected Information within thirty (30) days of a request for such return or destruction made by that party.  All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.  However, nothing herein shall require any party or counsel to disclose to any other Party or counsel any materials protected by the attorney-client privilege or attorney-work product doctrine even if they contain another party's Protected Information. Such materials shall be destroyed, not returned, in response to a request made pursuant to this Paragraph.  Also, nothing herein shall preclude counsel of record from maintaining one copy of all case files in connection with the action even if they contain Protected Information, but such counsel of record shall continue to treat such filings containing Protected Information according to the protections afforded by this Stipulated Revised First Amended Protective Order.

**PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

22.   Nothing in this Revised First Amended Stipulated Protective Order shall be construed as authorizing a party to disobey a lawful subpoena or court order issued in another action.  If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the designating party.  Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Protected Material may be affected.

If the designating party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the designating party's permission.  The designating party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

**CHALLENGES TO DESIGNATIONS OR PROTECTIVE ORDER**

23.   No party shall be obligated to challenge the propriety of any designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

LAW OFFICE OF HENRY B. LA TORRACA
400 Oceangate, Suite 700
Long Beach, CA 90802-4306
(562) 216-2942

LAW OFFICE OF HENRY B. LA TORRACA
400 Oceangate, Suite 700
Long Beach, CA 90802-4306
(562) 216-2942

1  ONLY" Protected Information by another party or non-party, and the failure

2  to do so shall not constitute a waiver or otherwise preclude a subsequent

3  challenge to the designation.  In the event a dispute arises regarding this

4  Stipulated Revised First Amended Protective Order or the parties' activities

5  relating to it (including but not limited to, challenging the propriety of

6  specific designations, objecting to a Party's abuse of its ability to designate

7  materials "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -

8  ATTORNEYS' EYES ONLY," or seeking a modification of this Stipulated

9  Revised First Amended Protective Order), the parties shall follow the

10  procedures set forth in Rule 37 of the Federal Rules of Civil Procedure to

11  resolve the dispute unless otherwise ordered by the Court.  The party

12  challenging the designations shall treat the materials according to the

13  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

14  ONLY" designations and this Stipulated Revised First Amended Protective

15  Order until the Court orders otherwise.  The party seeking to enforce the

16  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

17  ONLY" designations shall have the burden on the motion to prove the legal

18  and factual basis for upholding the designations.  If a party wants to file under

19  seal a motion pursuant to Rule 37 of the Federal Rules of Civil Procedure, it

20  or he may file a stipulation to that effect or the party seeking to file under seal

21  may file an ex parte application making the appropriate request in accordance

22  with paragraph 1 of this Revised First Amended Stipulated Protective Order.

23  To be clear, regardless of any stipulation between the parties, any party

24  seeking to file a motion under seal must comply with Civil Local Rule 79-5

25  (setting forth the procedures that must be followed and standards that will be

26  applied when a party seeks permission from the court to file material under

27  seal).

28

LAW OFFICE OF HENRY B. LA TORRACA
400 Oceangate, Suite 700
Long Beach, CA 90802-4306
(562) 216-2942

## MISCELLANEOUS PROVISIONS

24.  Inadvertent production by any party of a document containing privileged attorney-client or other privileged communications, attorney work product immunity, or other information not subject to discovery, shall not constitute a waiver of any privilege, immunity or other right not to produce such a document.  In the event a receiving party discovers or believes it has received information that was inadvertently produced and would normally be subject to a claim of attorney-client privilege or work product immunity, it will bring that fact to the attention of the producing party immediately upon discovery.  In the event that a producing party discovers that it has produced either attorney-client privilege or work-product protected documents, it will bring that fact to the attention of the receiving party immediately upon discovery.  Upon request by the producing party, the receiving party will promptly return to the producing party any attorney-client privilege or work-product-protected document and any copies that the receiving party may have made, which the producing party will keep separately and preserve.  Upon request by the producing party, the receiving party will promptly disclose the names of any individuals who have read or have had access to the attorney-client privilege or work-product-protected document.  Further, the receiving party must take reasonable steps to retrieve the information if the receiving party disclosed it before being notified.  Return of the documents by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client privilege or work product immunity.

25. This Revised First Amended Stipulated Protective Order shall survive the final conclusion of this action and shall continue in full force and effect, and the Court shall retain jurisdiction to enforce this Order.  Within ninety (90) days after the final conclusion of this action and all related appeals and/or writs seeking review of the judgment in this action and all orders therein and re-trial, if any, and of the

00040778.DOC

18

**REVISED FIRST AMENDED STIPULATED PROTECTIVE ORDER**

LAW OFFICE OF HENRY B. LA TORRACA
400 Oceangate, Suite 700
Long Beach, CA 90802-4306
(562) 216-2942

1 judgment and all related appeals and/or writs seeking review of the judgment

2 in this action and all orders therein and re-trial, if any, all Protected

3 Information designated as provided herein as "CONFIDENTIAL" or

4 "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"  shall, upon

5 request of the designating party or non-party, be either destroyed or returned

6 to that person or entity.  Notwithstanding any of the foregoing, the parties'

7 counsel may retain any attorney work product they have created which

8 incorporates designated material on the condition that they will maintain the

9 confidentiality of such material and will not use such material in

10 contravention of the provisions of this Revised First Amended Stipulated

11 Protective Order.

12     26. Nothing in this Revised First Amended Stipulated Protective Order

13 shall be construed as an admission as to the relevance, authenticity,

14 foundation, or admissibility of any Protected Information.

15     27. Nothing in this Revised First Amended Stipulated Protective Order

16 shall be construed to supersede other protective orders entered in this matter.

17 To the extent that certain information is subject to other protective orders

18 entered in this matter and also qualifies as "CONFIDENTIAL" or "HIGHLY

19 CONFIDENTIAL - ATTORNEYS' EYES ONLY" Protected Information

20 pursuant to paragraphs 7 and 8 of this Revised First Amended Stipulated

21 Protective Order, such information shall be governed and protected by all

22 applicable protective orders.  In addition, nothing in this Revised First

23 Amended Stipulated Protective Order shall be construed to restrict the ability

24 of any party or non-party to seek an order from this Court imposing further

25 restrictions on the dissemination of "CONFIDENTIAL" or "HIGHLY

26 CONFIDENTIAL - ATTORNEYS' EYES ONLY" Protected Information, or

27 seek to rescind, modify, alter, or amend this Revised First Amended

28 Stipulated Protective Order with respect to specific information.  To the

LAW OFFICE OF HENRY B. LA TORRACA
400 Oceangate, Suite 700
Long Beach, CA 90802-4306
(562) 216-2942

1   extent that a conflict arises concerning the treatment and level of protection afforded

2   to certain information that is subject to different protective orders, such information

3   shall be governed and treated in accordance with the narrowest protective order

4   affording the most stringent protections for such information.

5       28. Nothing in this Revised First Amended Stipulated Protective Order shall

6   bar or otherwise restrict any attorney herein from rendering legal advice to a party in

7   this case, so long as information subject to a HIGHLY CONFIDENTIAL –

8   ATTORNEYS' EYES ONLY designation is not revealed.

9       29. Nothing in this Order abridges the right of any person to seek its

10   modification by the Court in the future.

11       30.  This Revised First Amended Stipulated Protective Order shall apply to all

12   new parties added to this action, including, but not limited to, Technation, Inc.

13   and/or 2uTEC, LLC, if so added.

14       31. By the signature of their undersigned attorneys, the Parties and their

15   counsel stipulate that they will be bound by the foregoing provisions and further

16   stipulate that this Revised First Amended Stipulated Protective Order may be

17   signed, filed and entered by the Court.

18       32.  The Parties have met and conferred in good faith about the scope and

19   terms of this Revised First Amended Stipulation for Protective Order.  The Parties

20   have agreed to this Statement of Good Cause for the sole purpose of entering into

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1  this Revised First Amended Stipulation for Protective Order; the Statement of Good

2  Cause shall be inadmissible for any other purpose.

3  **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**.

4  LAW OFFICE OF HENRY B. LA TORRACA

5

6  DATED:  February 8, 2017        By:   /s/ - Henry B. LaTorraca
_____

7  HENRY B. LA TORRACA

8  Attorneys for Plaintiff and Counterclaim
Defendant Netecs Corporation, a
California corporation; and Counterclaim

9  Defendants Jeffery Tooley and Chris
Tooley

10

11  RAINES FELDMAN, LLP

12

13  DATED:  February 8, 2017        By:   /s/ - Scott M. Lesowitz
_____

14  Scott M. Lesowitz
*Attorneys for Defendant and*

15  *Counterclaimant Damon McClure*

16  **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

17

18  DATED:   February 17, 2017        _____

19  Hon. Kenly Kiya Kato

20  United States Magistrate Judge

21

22

23

24

25

26

27

28

**REVISED FIRST AMENDED STIPULATED PROTECTIVE ORDER**

LAW OFFICE OF HENRY B. LA TORRACA
400 Oceangate, Suite 700
Long Beach, CA 90802-4306
(562) 216-2942

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____

[print or type full name], of _____

[print or type full address], declare under penalty of perjury under the laws of the United States of America and of the State in which this document is executed that I have read in its entirety and understand the Revised First Amended Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____[date] in the case of Netecs Corporation v. Damon McClure, et al. pending in the United States District Court for the Central District of California, Eastern Division, case No. 5:16-cv-02452 JGB (KKx)

I agree to comply with and to be bound by all the terms of this Revised First Amended Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Revised First Amended Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Revised First Amended Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service

///

///

LAW OFFICE OF HENRY B. LA TORRACA
400 Oceangate, Suite 700
Long Beach, CA 90802-4306
(562) 216-2942

1  of process in connection with this action or any proceedings related to enforcement

2  of this Revised First Amended Stipulated Protective Order.

3      I declare under penalty of perjury under the laws of the United States of

4  America and the State in which this document is executed that the foregoing is true

5  and correct.

6      Executed on _____, at

7  _____ (City and State where sworn and signed

8

9      Printed name: _____

10

11      Signature: _____

LAW OFFICE OF HENRY B. LA TORRACA
400 Oceangate, Suite 700
Long Beach, CA 90802-4306
(562) 216-2942

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

23

**REVISED FIRST AMENDED STIPULATED PROTECTIVE ORDER**

<u>**PROOF OF SERVICE**</u>

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is Law Office of Henry B. LaTorraca, 400 Oceangate, Suite 700, Long Beach, CA 90802.  My electronic mail address is henryb@latorraca.com.

On **February 8, 2017**, I served the documents described as:

**REVISED FIRST AMENDED STIPULATED PROTECTIVE ORDER**

on the parties in this action by this Court's CM/ECF electronic filing and service pursuant to Local Rule 5-3.3.3 as follows:

> Eric S. Syverson                    *Attorneys for Defendant and*
> Scott M. Lesowitz                 *Counterclaimant*
> RAINES FELDMAN, LLP        *Damon McClure*
> 9720 Wilshire Blvd., 5th Floor
> Beverly Hills, CA  90212
>
> esyverson@raineslaw.com
>
> slesowitz@raineslaw.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **February 8, 2017**, at Long Beach, California.

/s/ - Henry B. LaTorraca

Henry B. LaTorraca

LAW OFFICE OF HENRY B. LA TORRACA
400 Oceangate, Suite 700
Long Beach, CA 90802-4306
(562) 216-2942